Karl O. Riley
Nevada Bar No. 12077
COZEN O'CONNOR
3753 Howard Hughes Pkwy, Suite 200
Las Vegas, NV 89169
Telephone: 702.470.2330
Facsimile: 702.470.2370

*Attorney for Defendant Smith's Food and Drug Centers, Inc., erroneously named as Smith's Food and Drug Centers, Inc., d/b/a Smith's Foods*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KAREN WALKER-JACKSON, an Individual; <br><br>Plaintiff, <br><br>vs. <br><br>SMITH'S FOOD AND DRUG CENTERS, INC., d/b/a SMITH'S FOODS, a Foreign Corporation; DOES 1 through 25, inclusive; and ROE CORPORATIONS 1 through 25, inclusive, <br><br>Defendants. | CASE NO.: 2:21-cv-02066 <br><br>**NOTICE OF REMOVAL** |

Defendant Smith's Food and Drug Centers, Inc., erroneously named as Smith's Food and Drug Centers, Inc., d/b/a Smith's Foods (Smith's) files this Notice of Removal under 28 U.S.C. §§ 1441, 1446 and Local Rule 81-1 based on diversity and federal question jurisdiction, and states as follows:

**I.     INTRODUCTION**

1. On October 15, 2021, Plaintiff sued Smith's in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-21-842776-C (State Court Action), alleging: (1) sexual harassment/gender discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) and Nevada Revised Statute (NRS) 613; (2) retaliation under NRS 613; and (3) negligent hiring training and supervision under Nevada law.

2. Plaintiff served Smith's with the Complaint on October 28, 2021.

3. Under 28 U.S.C. § 1446(b)(2), Smith's is the only named defendant; thus, all defendants consent in this removal.

4. **Venue:** Venue is proper under 28 U.S.C. § 1441(a) as the Eighth Judicial District Court, Clark County, Nevada is located within the United States District Court, District of Nevada.

5. **Timing:** Within thirty (30) days of service upon Smith's of Plaintiff's Complaint, Defendant has filed this Notice of Removal to the United States District Court for the District of Nevada.

6. Contemporaneously with the filing of this Notice of Removal, Defendant has provided written notice of this removal to the Clerk of the Eighth Judicial District Court, Clark County, Nevada as required by 28 U.S.C. § 1446(a).

7. A copy of Plaintiff's Complaint along with all process, pleadings, and orders served upon Defendant are attached as Exhibits hereto as required by 28 U.S.C. § 1446(b)(1). No hearings or motions are currently pending in the State Court Action, and Smith's has not filed any responsive pleadings in the State Court Action. By filing this Notice of Removal, Smith's does not waive any defenses that may be available to it. Smith's will file a responsive pleading within the time set forth in Rule 81(c) of the Federal Rules of Civil Procedure.

## II. DIVERSITY JURISDICTION

8. Removal is proper under 28 U.S.C. § 1332 based on diversity jurisdiction because the actual amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332.

**A.     There is Complete Diversity of Citizenship Between the Parties.**

9. Plaintiff is a resident of the State of Nevada, as admitted in the Complaint. (Exhibit 1, ¶ 1).

10. Smith's is a foreign corporation, organized under the laws of the State of Ohio, with its principal place of business 1014 Vine Street, Cincinnati, Ohio, 45202. 28 U.S.C. § 1332(c)(1).

2

11.    Fictitious named defendants shall be disregarded under 28 U.S.C. § 1441(b)(1).

12.    Consequently, this controversy is between citizens of different states pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1).

**B.    The Amount in Controversy Exceeds $75,000.**

13.    In her Complaint, Plaintiff alleges she sustained damages after she was sexually harassed by a co-worker, and alleges she has suffered physical impact and severe emotion distress. (Exhibit 1, ¶ 24).

14.    Plaintiff further alleges that as a result of Smith's actions, she suffers from "worry, fear, anguish, shock, nervousness, stress, and anxiety." (Exhibit 1, ¶ 54).

15.    Plaintiff also seeks punitive damages and attorneys' fees. (Exhibit 1, ¶¶ 54, 55).

16.    To establish that the amount-in-controversy requirement is met under 28 U.S.C. § 1446(a) in a notice of removal, a defendant need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

17.    Given the claims alleged and the damages sought by Plaintiff, Plaintiff's claims plausibly exceed the jurisdictional threshold of $75,000.

18.    Accordingly, complete diversity jurisdiction exists between the parties and removal is proper.

### III.    FEDERAL QUESTION JURISDICTION

19.    Kroger may properly remove this action pursuant to 28 U.S.C § 1441(a) because Plaintiff is affirmatively asserting claims under Title VII, which arise under the laws of the United States and are within this Court's original jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's other state claims may be joined under 28 U.S.C. 1441(c).

///

///

///

3

## IV.  CONCLUSION

**WHEREFORE**, Smith's prays that this action be removed to proceed in this Court and that no further proceedings be had in the Eighth Judicial District Court, Clark County, Nevada. Smith's will respond as provided in Federal Rule of Civil Procedure 81(c)(2)(C).

Dated: November 18, 2021                          Respectfully submitted,

*/s/ Karl O. Riley*
Karl O. Riley
Nevada Bar No. 12077
COZEN O'CONNOR
3753 Howard Hughes Pkwy, Suite 200
Las Vegas, NV 89169
Telephone: (702) 470-2330
koriley@cozen.com

*Attorney for Defendant Smith's Food and Drug Centers, Inc., d/b/a Smith's Foods*