**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KAREN WALKER-JACKSON, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD AND DRUG CENTERS, INC., d/b/a SMITH'S FOODS, a Foreign Corporation; DOES 1 through 25, inclusive; and ROE CORPORATIONS 1 through 25, inclusive,<br><br>Defendants. | CASE NO.: 2:21-cv-02066-RFB-BNW<br><br>**STIPULATED PROTECTIVE ORDER** |

BEFORE THE COURT for consideration is the Parties' Stipulated Protective Order. The Court finds that the Parties' ability to prosecute this action will not be unreasonably limited by the entry of this Agreed Protective Order.

Therefore, it is hereby STIPULATED:

1. This Protective Order shall govern the production, use and handling of all documents, testimony, interrogatory answers, responses to requests for admissions, affidavits or other filings, briefs, memoranda of law, summaries, exhibits, transcripts, recordings, excerpts and notes prepared for, derived from, referring to or incorporating information contained in any of these materials (collectively, the "Material") produced in discovery in this action. All Material produced in the course of this action shall be used solely for the purpose of this action and there shall be no use of Material for any other purpose whatsoever, unless it is or becomes independently available to the receiving party.

2. Each party shall have the right to designate Material it produces, which in good faith it believes to be confidential or proprietary information, as "Confidential."

3. Confidential treatment may be claimed for documents, testimony, interrogatory answers, responses to requests for admissions, affidavits or other filings, briefs, memoranda of law, summaries, exhibits, transcripts, recordings, excerpts and notes prepared for, derived from, referring to or incorporating information contained in any of these material (the entire class of matters

described shall be hereafter referred to generically as "Confidential Material") that are in good faith considered by a party or an individual as confidential, including but not limited to trade secrets, proprietary business information, financial information which is not otherwise public, medical information, as well as information regarding employees or former employees of Defendant (or related entities), including but not limited to personnel files, performance information, disciplinary information, payroll information, benefit information, medical information, leave information, or any other information that would cause unreasonable annoyance, embarrassment, or oppression. The supplying party will designate documents and information it considers to be confidential, and shall do so in good faith. If any party objects to another's designation of Confidential Material, the objecting party shall give counsel for the party making the designation written notice of such objection, stating the reason(s) for the objection. The designating party shall respond in writing within ten (10) working days of its receipt. If the parties cannot resolve their dispute, the objecting party may, upon not less than five (5) working days' notice to the designating party, apply to the Court for a ruling on whether the materials shall continue to be treated as confidential under the terms of this Protective Order.

4.   Nothing prevents a party from using Confidential Material in a deposition or during a court hearing in this matter.

5.   Except as provided in paragraph 9, documents and information designated as Confidential Material by a party shall be disclosed only to counsel of record, their clerical personnel, paralegals, experts and investigators employed by them, as well as the parties, in connection with this litigation.

6.   Confidential Material may also be disclosed to any other person(s) whose assistance is required by counsel in conducting this litigation. Counsel disclosing such information shall first inform the person that the information being disclosed is subject to this Protective Order, and shall require the person to read this Protective Order in its entirety. The party disclosing the information shall specifically inform the person to whom disclosure is being made that failure to abide by this Protective Order could result in the imposition of sanctions by the court.

7. The party shall disclose Confidential Material, as described, only in the good faith belief that such disclosure is necessary in conducting this litigation. Should the supplying party be notified that an unauthorized person has reviewed the disclosed Confidential Material, the supplying party shall be permitted to request appropriate action from the court, as provided in paragraph 11. Counsel shall attempt, in good faith, to resolve any disputes regarding the propriety and terms of disclosure on an informal basis. In the event disputes cannot be resolved, counsel for the party claiming confidentiality shall have the right to make a motion, on shortened time, for a Protective Order barring such disclosures.

8. Should counsel for any party desire to file any Confidential Material, or any portion thereof, with the court during the course of pretrial proceedings, counsel shall, prior to such filing, notify the party claiming confidentiality of the identity of the document or documents to be filed. Such notification shall be within a reasonable time prior to filing of the Confidential Material with the court, but in any event not later than noon of the day of filing. The party claiming confidentiality shall then determine, based on identification of the document or documents sought to be filed with the court, whether to seek additional protection from the court pursuant to the terms of the Federal Rules of Civil Procedure or related court rules. Regardless of whether protection is sought by the party claiming confidentiality, counsel for the parties shall exercise all reasonable care not to needlessly disclose such Confidential Material in this proceeding.

9. Procedures for the protection of confidential matters for trial shall be agreed-upon separately by the parties in advance of trial.

10. Confidential treatment may be claimed for the Confidential Material described above and by:

    a. In the case of documents produced at deposition, stating on the record a description of the documents, including exhibit number and identification number, if any.

    b. In the case of other documents, stamping "CONFIDENTIAL" on the document. Such designation shall be accomplished prior to the production of documents to the opposing party.

3

      c.      In the case of depositions, by designation of the deposition, or the appropriate portion of the deposition, as confidential, such designation to be done by counsel on the record.

      d.      In the case of summaries, excerpts, or exhibits prepared from Confidential Material, the party preparing same shall be responsible for maintaining the confidentiality of the information.

11.      The inadvertent or unintentional disclosure of Confidential Material by counsel or other person(s) shall not be grounds for the imposition of sanctions under this Protective Order. However, if a person is found to have intentionally disclosed Confidential Material protected by this Order, or if a disclosure results from other culpable conduct, the parties agree that sanctions may be imposed upon that person, based on proper proof of such conduct and in the discretion of the court. The parties further agree that, in addition to requesting sanctions, the party asserting confidentiality may request injunctive relief preventing the further dissemination of the Confidential Material, regardless of the nature of the initial disclosure, whether intentional, inadvertent, or otherwise. Upon discovery of the inadvertent or unintentional disclosure of Confidential Material, counsel shall immediately notify counsel representing the party whose document(s) and information are disclosed. Such notice shall describe with particularity the document(s) or information disclosed and the name, title and address of the person(s) to whom disclosure was made. Further, upon discovery of inadvertent or unintentional disclosure of Confidential Material, counsel must immediately return all such material to counsel representing the party whose document(s) and information are disclosed, and shall not use or disclose such material in any manner inconsistent with Confidential Material as governed by this Protective Order.

12.      The inadvertent or unintentional disclosure by the supplying party of Confidential Material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific material disclosed or as to any other material relating thereto or on the same or related subject matter.

13. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation, and, in the course thereof, relying in a general way upon his examination of Confidential Material produced or exchanged.

14. In the event that a party to this Protective Order is served with a subpoena or order from any court or administrative agency seeking documents protected under this Protective Order, the party receiving the subpoena shall notify the other party within three (3) calendar days. If the other party moves to quash the subpoena, or to otherwise protect the disclosure of documents produced under this Protective Order, the subpoenaed party shall use his best efforts to cooperate with any such efforts. Both parties further agree that they shall not encourage or solicit any person, agency, or entity to cause a subpoena to be issued that requests documents governed by this Protective Order. Subject to the conditions set forth in this paragraph, nothing in this Protective Order shall prohibit a party from complying with a lawfully issued subpoena or order from a duly authorized court or administrative agency.

When litigation is concluded by any means, including final judgment or settlement and dismissal, the provisions of this Protective Order will remain in effect in perpetuity. If requested by the supplying party, all Confidential Material produced, supplied or exchanged by it during the course of litigation, shall be promptly returned or destroyed at the requesting party's expense within

///

///

///

thirty (30) days of the court's final order.

Dated: March 14, 2022.

| */s/ Karl O. Riley* <br> Karl O. Riley <br> Nevada Bar No. 12077 <br> COZEN O'CONNOR <br> 3753 Howard Hughes Pkwy, Suite 200 <br> Las Vegas, NV 89169 <br> Telephone: (702) 470-2330 <br> koriley@cozen.com <br> *Attorney for Defendant Smith's Food and Drug Centers, Inc., erroneously named as Smith's Food and Drug Centers, Inc., d/b/a Smith's Foods* | */s/Tiffany S. Yang* <br> PATRICK W. KANG, ESQ. <br> Nevada Bar No.: 10381 <br> KYLE R. TATUM, ESQ. <br> Nevada Bar No.: 13264 <br> TIFFANY S. YANG, ESQ. <br> Nevada Bar No.: 15353 <br> 6480 W. Spring Mountain Rd., Ste. 1 Las Vegas, NV 89146 <br> 702.333.4223 <br> *Attorneys for Plaintiff Karen Walker-Jackson* |

**ORDER**

**IT IS SO ORDERED**

**DATED:** 4:36 pm, March 15, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

6